IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **VERONICA YVETTE ORRANTIA,** § <br> Reg. No. 28242-051, § <br>      Movant, § <br> § <br> v. § <br> § <br> **UNITED STATES OF AMERICA,** § <br>      Respondent. § § § § | <br><br><br> **EP-20-CV-236-DCG** <br> **EP-19-CR-2181-DCG-2** |

## MEMORANDUM OPINION AND ORDER

Veronica Yvette Orrantia challenges her sentence through a motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 77.[1] Because it plainly appears from her motion and the record that she is not entitled to relief, the Court will deny her motion. 28 U.S.C. foll. § 2255 Rule 4(b). The Court will additionally deny her a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

On June 12, 2019, Orrantia and a co-defendant, Leah Ann Pedraza, applied for entry into the United States from Mexico through the Paso del Norte Port of Entry in El Paso, Texas. Plea Agreement 9, ECF No. 43. Orrantia was referred for a secondary inspection based on a computer-generated alert. *Id*. The subsequent inspection revealed Orrantia had concealed two clear bags inside her body which contained 87.9 grams of methamphetamine. *Id*.

A grand jury indicted Orrantia for conspiring to import methamphetamine (Count One), importing methamphetamine (Count Two), conspiring to possess methamphetamine (Count

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-19-CR-2181-DCG-2. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Three), and possessing with the intent to distribute methamphetamine (Count Four).  Indictment, ECF No. 19.

Orrantia's counsel negotiated a plea agreement with the Government.  Plea Agreement, ECF No. 43.  Under its terms, Orrantia agreed to plead guilty to Count One, which specifically charged her with conspiring to import more than 50 grams of methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1), and 960(b)(1).  *Id.* at 1–2.  She also acknowledged the punishment range under § 960(b)(1) was ten years to life in prison, relinquished her right to additional discovery, and waived her right to appeal or collaterally attack her sentence except under limited circumstances.  *Id.* at 2, 4, 5.  In exchange, the Government agreed to dismiss Counts Two, Three, and Four.  *Id.* at 1.

A probation officer prepared a presentence investigation report (PSR) for Orrantia's sentencing.  PSR, ECF No. 63.  She noted "[a] chemical analysis report provided by the U.S. Drug Enforcement Agency revealed . . . the 68.89 grams hidden in Orrantia's body had a purity level of 98%."  *Id*. at ¶ 10.  She established Orrantia's base offense level at 30 because she attributed at least 50 grams of actual methamphetamine to Orrantia.  *Id.* at ¶ 19 (citing Sentencing Guidelines §§ 2D1.1(a)(5)).  She deducted three levels based on Orrantia's acceptance of responsibility.  *Id.* at ¶¶ 26, 27.  She determined, "[b]ased upon a total offense level of 27 and a criminal history category of III, [Orrantia's] guideline imprisonment range [was] 87 months to 108 months."  *Id*. at ¶ 67.  But she observed "the statutorily required minimum sentence of 10 years is greater than the maximum of the applicable guideline range; therefore, the guideline term of imprisonment is 120 months."  *Id*. (citing Sentencing Guidelines § 5G1.1(b)).

Orrantia's counsel did not object to the PSR.  *Id*., Addendum, ECF No. 63-2.

The Court adopted the PSR—which contained Orrantia's correctly-calculated sentencing range—without change. Statement of Reasons, ECF No. 67. It sentenced Orrantia to the mandatory-minimum sentence of 120 months' incarceration. J. Crim. Case 2, ECF No. 66. It also provided Orrantia with a notice of her right to appeal, which she acknowledged with her signature. Notice to Def. of Right to Appeal, ECF No. 64.

Orrantia did not appeal.

Orrantia now asserts in her § 2255 motion that her counsel provided constitutionally ineffective assistance. Mot. to Vacate 4–9, ECF No. 77. Specifically, she claims her counsel failed to (1) show her the PSI until 72 hours before her sentencing, (2) object to the base level of 30, (3) ensure the methamphetamine was tested to determine its purity, and (4) file a notice of appeal. *Id.* She "asks the Court to reduce her sentence." *Id*. at 12.

## APPLICABLE LAW

A § 2255 motion " 'provides the primary means of collateral attack on a federal sentence.' " *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or at sentencing. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987). Before a court will grant relief, however, the movant must establish that (1) the "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Ultimately, the movant bears the burden of establishing her claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir.

1980)).  "If it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . ."  28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

Generally, an ineffective-assistance-of-counsel claim presented in a § 2255 motion is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 689B94.  "[C]ounsel's assistance is deficient if it falls 'below an objective standard of reasonableness.'"  *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688).   This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  *United States v. Dovalina*, 262 F.3d 472, 474B75 (5th Cir. 2001).  "[T]o prove prejudice, 'the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Id*. (quoting *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002).   If the movant fails to prove one prong, it is not necessary to analyze the other.  *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir.1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v.*

*Johnson*, 131 F.3d 452, 463 (5th Cir.1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In cases involving counsel's performance at the sentencing stage, the Supreme Court and the Fifth Circuit have emphasized that *Strickland* prejudice exists whenever there is a reasonable probability that, but for counsel's errors, the defendant's term of actual imprisonment would have differed in "any amount." *Id.*, at 842 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

## ANALYSIS

### A. Methamphetamine Purity

Orrantia claims her counsel provided ineffective assistance when he did not ask for a test to determine the purity of the methamphetamine found in her body on June 12, 2019. Mot. to Vacate 6, ECF No. 77.

The record establishes such a request was unnecessary. It shows "[a] chemical analysis report provided by the U.S. Drug Enforcement Agency revealed . . . the 68.89 grams hidden in Orrantia's body had a purity level of 98%." PSR ¶ 10, ECF No. 63. As a result, Orrantia cannot meet her burden of showing that her counsel's performance was either deficient or that the deficient performance prejudiced her defense. *Strickland*, 466 U.S. at 689–94.

### B. Base Offense Level

Orrantia maintains her counsel provided ineffective assistance when he failed to object to her base level of 30 in the PSR. Mot. to Vacate 5, ECF No. 77. She believes she was entitled to a base offense level of 24. *Id.*

By signing the plea agreement, Orrantia agreed that "the facts set out in the attached factual basis as alleged by the Government are true and correct." Plea Agreement 6, ECF No.

43. In the synopsis of the facts, Orrantia admitted that she had concealed in her body two plastic bags containing a controlled substance with a gross weight of "approximately 87.9 grams." *Id.* at 9. "A chemical analysis report provided by the U.S. Drug Enforcement Agency revealed . . . the 68.89 grams hidden in Orrantia's body had a purity level of 98%." PSR ¶ 10, ECF No. 63. According to Sentencing Guideline § 2D1.1(a), the offense level for importing methamphetamine is "specified in the Drug Quantity Table set forth in subsection (c)." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(a) (U.S. SENTENCING COMM'N 2018). Subsection (c) provides the base offense level for an offense involving at least 50 grams of actual methamphetamine is 30. *Id*. § 2D1.1(c)(5). Hence, Orrantia cannot show the probation officer erred when she determined the base offense level in her case.

Consequently, any objection by Orrantia's counsel to the base offense level would have been unavailing. " '[C]ounsel is not required to make futile motions or objections.' " *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (quoting *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)), *see also Green v. Johnson*, 160 F.3d 1029, 1037–1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue" and "counsel is not required to file frivolous motions or make frivolous objections"). Under these circumstances, Orrantia cannot meet her burden of showing that her counsel's performance was either deficient—in that it fell below an objective standard of reasonableness—or that the deficient performance prejudiced her defense. *Strickland*, 466 U.S. at 689–94.

### C. Presentence Investigation Report

Orrantia also asserts her counsel provided constitutionally ineffective assistance when he failed to show her the PSI until "72 hours prior to sentencing which did not allow [her] to object

to any of the contents." Mot. to Vacate 4, ECF No. 77. Notably, she does not identify any objections she may have had to the PSI before her sentencing.

"The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." Fed. R. Crim. P. 32(e)(2). Assuming that Orrantia's counsel was deficient in not providing her a copy of the PSR within the timeline prescribed by Rule 32, Orrantia has not shown that she was prejudiced by her counsel's performance, as she has not identified any objections. *Strickland*, 466 U.S. at 687. Indeed, there is nothing in the record to indicate that Orrantia would have received a lesser sentence had her counsel objected to the PSR based on either the calculation of her base offense level—which was correct—or the failure of her counsel to ask for a purity test. She is not entitled to relief on this claim.

### D. Consultation on Appeal

Finally, Orrantia maintains that she "was not made aware that [she] could file" a notice of appeal. Mot. to Vacate 8, ECF No. 77. She argues that her counsel provided ineffective assistance when he failed to explain her appellate rights to her. *Id.*

The Court observes that Orrantia acknowledged the following notice of her right to appeal at the time of her sentencing:

**<u>COURT'S NOTICE TO DEFENDANT OF RIGHT TO APPEAL</u>**

<u>You have a right to appeal</u>:
    Your <u>conviction</u> if you pleaded not guilty and were convicted.
    Your <u>sentence</u>, regardless of your plea.

If you so request, the clerk will immediately prepare and file a notice of appeal on your behalf.

The requirements for timely filing a sufficient notice of appeal are that:

>    (1) You file with the District Clerk a document entitled "Notice of Appeal" which shows you intend to appeal to the Fifth Circuit Court of Appeals from the judgment of this court, **and**
>    (2) You file the "Notice of Appeal" within **14 days** after the entry of the judgment or order appealed from or the government's notice of appeal.
>    (3) If you are unable to pay for the cost of the appeal, you have the right, within this **14 day period**, to ask for permission to appeal in forma pauperis, that is, without paying any court costs or filing fees.
>
> I, the undersigned defendant, acknowledge that I was orally advised of my right to appeal, the requirements for timely filing a sufficient notice of appeal, my right to have the clerk prepare and file a notice of appeal for me and my right to appeal in forma pauperis.  **I further acknowledge receipt of a copy of this document on the date indicated below**.
>
>    1/9/2020                                          /s/ Veronica Yvette Orrantia
>
> SIGNED AND ENTERED this the 9th day of January, 2020.
>
>                                       /s/
>                          DAVID C GUADERRAMA
>                          UNITED STATES DISTRICT JUDGE

Notice to Def. of Right to Appeal, ECF No. 64.  Representations made by a defendant at a plea hearing constitute a formidable barrier to any subsequent collateral attack.  *Blackledge v. Allison*, 97 S. Ct. 1621, 1629 (1977).  Hence, the record shows Orrantia was in fact advised of—and acknowledged—her right to appeal.

An attorney's failure to file a notice of appeal when requested by the client is, of course, "professionally unreasonable."  *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000).  But Orrantia does not suggest that she asked her counsel failed to file a requested notice of appeal.

When a defendant does not express her wishes regarding an appeal to her counsel, the preliminary inquiry is "whether counsel in fact consulted with the defendant about an appeal." *Id*. at 478.  Consulting in this context means "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's

wishes." *Id.* If counsel consults with the defendant in this manner, then counsel acts in a "professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* If counsel does not consult with the defendant concerning an appeal, the inquiry becomes "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.*

The Court notes "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." *Id.* at 480. In determining whether counsel has met this duty, a court must consider "all the information counsel knew or should have known." *Id.* A "highly relevant factor" is whether the conviction follows a guilty plea "because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* Even in guilty-plea cases, however, "the court must consider . . . whether the defendant received the sentence bargained for as part of the plea, and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

Orrantia agreed to plead guilty and waived her right to appeal her conviction and sentence on almost all grounds before the Court reminded her at her sentencing that she could still appeal. Plea Agreement 4–5, ECF No. 43; Notice to Def. of Right to Appeal, ECF No. 64. Orrantia retained only the right to appeal any punishment in excess of the statutory maximum and the right to challenge her "sentence or conviction based on ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension." Plea Agreement 4. While Orrantia's plea agreement did not specify a sentence, it advised her that her statutory punishment range was

ten years to life in prison. *Id*. at 2. She was ultimately sentenced to the statutory minimum sentence of 120 months' imprisonment. J. Crim. Case 2, ECF No. 66.

There are no apparent nonfrivolous appealable issues regarding the areas where Orrantia retained her appellate rights. There is no reason for her counsel to believe that a rational defendant would want to appeal under these circumstances. Any failure on the part of counsel to consult with Orrantia about an appeal did not constitute deficient performance. As a result, Orrantia cannot met her burden of showing her counsel provided constitutionally ineffective assistance.

### EVIDENTIARY HEARING

A motion brought pursuant to § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself). The record in this case is adequate to dispose fully and fairly of Orrantia's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

### CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Here, Orrantia's motion fails because she has not identified a transgression of her constitutional rights. Accordingly, the Court finds that it should

not grant Orrantia a certificate of appealability. *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

**CONCLUSION AND ORDERS**

The Court finds it plainly appears from Orrantia's motion and the record of prior proceedings that she cannot meet her burden of showing, by a preponderance of the evidence, that her counsel provided constitutionally ineffective assistance. Moreover, she cannot show that her sentence was imposed in violation of the Constitution or laws of the United States, the Court was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law or her sentence is otherwise subject to collateral attack. The Court accordingly concludes that it should deny her motion—and dismiss her civil cause without a hearing—because she is not entitled to § 2255 relief. The Court further concludes that Orrantia is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Orrantia's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (ECF No. 77) is **DENIED**, and her civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Orrantia is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 15th day of September 2020.

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**