UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | EP-19-CR-02181(2)-DCG |
| | § | |
| (2) VERONICA YVETTE ORRANTIA, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Veronica Yvette Orrantia's "Motion for Compassionate Release" ("Motion") (ECF No. 89). The Government filed a response in opposition. ECF No. 93. After giving due consideration to the Parties' arguments, the Court DENIES Orrantia's Motion.

## I. BACKGROUND

On October 8, 2019, Orrantia plead guilty to one count of conspiracy to import 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 963, 952(a), and 960. ECF No. 43. The Court sentenced Orrantia to the mandatory minimum of 120 months imprisonment followed by five years of supervised release. ECF No. 65. She is housed at FMC Carswell in Fort Worth, Texas. To date, Orrantia has served about 26 months—or about 22% of her term.

On September 1, 2020, Orrantia began the administrative process for requesting compassionate release. Gov't Resp. Ex. 1. She asserted that because she suffers from lupus, she is vulnerable to a severe case of COVID-19, if she were to contract the virus. *Id.* Two weeks later, the Warden denied her request for compassionate release, concluding that Orrantia's "medical status indicates [that she is] able to complete self-care activities independently, and [that she is] not confined to a bed or wheelchair more than 50% of waking hours." Gov't Resp.

- 1 -

Ex. 2. After the Warden's denial, Orrantia diligently pursued administrative appeals. Mot. at 5–15. Each of her appeals were denied. *Id.*

Orrantia filed her Motion for Compassionate Release on January 3, 2022. She informs the Court that she has a number of underlying medical conditions, including lupus, obesity, rheumatoid arthritis, and borderline glaucoma. Mot. at 1. Those conditions, she contends, put her at risk of experiencing a severe case of COVID-19. *Id.* at 2–3. Orrantia maintains that the risk is present even though she has been vaccinated against the virus. *Id.* at 3. She further asserts that contracting COVID-19 at FMC Carswell is practically a near certainty due to the way the Prison houses inmates. *Id.* at 3 ("You simply can't stop the spread when there are 4 inmates per 10 x 10 cell."). And, she suggests, if she were to contract the virus, she would not receive proper medical attention because FMC Carswell has only three doctors, or a 1:370 doctor-to-inmate ratio. *Id.*

## II.   DISCUSSION

### A. Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But section 3582 contemplates certain circumstances when modification of a term of imprisonment is appropriate. *Id.* § 3582(c)(1)(A). A reduced sentence, or immediate release, may be appropriate, for instance, when the court "finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(ii). The inquiry does not end there. Even when a court finds extraordinary and compelling reasons, it must consider whether the sentencing factors set forth in section 3553(a) support a reduced sentence. *Id.* § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020). The defendant bears the burden of showing that circumstances warrant compassionate release. *E.g., United*

*States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Arroyo*, 468 F. Supp. 3d 785, 788 (W.D. Tex. 2020).

Extraordinary and compelling reasons "justify[ing] reducing a prison term" include "(1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)) (cleaned up). Only the "medical conditions" category is relevant here. Commentary to the Sentencing Guidelines explains that medical conditions warranting sentence reduction include those where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A); *see also United States v. Shkambi*, 993 F.3d 388, 391–93 (5th Cir. 2021) (holding that commentary is not binding on a district court's consideration of a motion for compassionate release, but not holding that it is inappropriate to consider as a guide). Effectively managed medical conditions that do not "'substantially diminish the ability of the defendant to provide self-care'" are therefore unlikely to fall within the gambit of medical conditions that constitute extraordinary and compelling reasons justifying reduction of a prison term. *Thompson*, 984 F.3d at 433–35 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)); *United States v. Love*, 853 F. App'x 986, 987 (5th Cir. 2021) (per curiam) (unpublished).

### B. Analysis

Start with the fact that Orrantia suffers from lupus. Gov't Resp. Ex. 3 at 20. The Government points out that the Centers for Disease Control and Prevention (CDC) has not identified lupus as an underlying condition that creates increased risk of severe COVID-19. CDC, *People with Certain Medical Conditions* (Feb. 25, 2022), https://www.cdc.gov/coronaviru

s/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. True enough. But the CDC does say that people who are immunocompromised are at a greater risk of severe illness due to COVID-19. And some medicines can result in a weakened immune system. *Id.* Methotrexate—which doctors have prescribed for Orrantia, Gov't Resp. Ex. 3 at 20—is one such medicine, MedlinePlus, *Methotrexate* (last visited Mar. 7, 2022), https://medlineplus.gov/druginfo/meds/a682019.html ("Methotrexate may decrease the activity of your immune system, and you may develop serious infections.").

Lupus may not be a medical condition that, in combination with COVID-19, presents a risk that rises to the level extraordinary and compelling circumstances warranting immediate release. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (upholding district court finding that lupus, among other conditions, did not rise to the level of extraordinary and compelling reasons justifying sentence reduction); *United States v. Hayden*, 458 F. Supp. 3d 1004 (N.D. Ind. 2020) (denying reduced sentence where defendant has lupus and chronic kidney disease). *But see United States v. Millage*, 464 F. Supp. 3d 1218, 1223–24 (D. Or. 2020) (finding extraordinary and compelling circumstance where defendant has lupus and high blood pressure). But lupus, in combination with the medication prescribed to treat it, may result in an immunocompromised state that can heighten the risk of experiencing severe illness due to COVID-19. *Cf. Thompson*, 984 F.3d at 434 (recognizing that defendant's "chronic illness place[s] him at a higher risk of severe symptoms" and citing CDC as support). That, in turn, may, depending on other facts, rise to the level of extraordinary and compelling reasons justifying a reduced prison term. *See, e.g., United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (determining whether extraordinary and compelling circumstances exist is "an individualized inquiry" under which COVID-19 is a consideration).

The Court turns to other facts in Orrantia's case. In addition to lupus, she suffers from obesity, rheumatoid arthritis, and borderline glaucoma. Mot. at 1. To start, there is no evidence in the record that suggests Orrantia's conditions are unmanaged or that she is unable to provide self-care while incarcerated. That counsels against a finding of extraordinary and compelling reasons justifying immediate release. *Thompson*, 984 F.3d at 433; U.S.S.G. § 1B1.13 cmt. n.1(A).

With respect to obesity, the Government concedes that, by itself, the condition, in combination with the COVID-19 pandemic, qualifies as an extraordinary and compelling reason warranting sentence reduction. Resp. at 8. But, the Government argues, this is not a case of strictly obesity plus COVID-19 because Orrantia has been vaccinated against SARS-CoV-2. *Id.* at 6–8. The Government contends that her vaccination status means she "cannot show that the COVID-19 pandemic, even in combination with her claimed medical conditions, is an extraordinary and compelling reason justifying immediate release." *Id.* at 7.

The Court agrees. Orrantia has indeed received vaccinations against SARS-CoV-2. Gov't Resp. Ex. 4 (two doses of the Pfizer-BioNTech vaccine as of January 4, 2021). She argues that the vaccine "has been proven" to be ineffective against the SARS-CoV-2 Delta variant, Mot. at 3, but that contention lacks support, *e.g.*, CDC, *COVID-19 Vaccines Work* (Dec. 23, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html ("COVID-19 vaccines are effective against the Delta variant and other variants with widespread circulation in the United States."). Because Orrantia has been vaccinated against SARS-CoV-2, her risk of experiencing severe illness due to the virus is reduced. *Id.* Absent other evidence in the record showing that the vaccine is less effective (and to what extent it's less effective) for the individual seeking compassionate release—and here there is none—the reduced risk of severe

illness means that extraordinary and compelling reasons justifying immediate release do not exist. *See, e.g., United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (vaccine availability generally counsels against finding extraordinary and compelling reasons justifying release); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (same); *United States v. Hald*, 8 F.4th 932, 939 n.5 (10th Cir. 2021) (same); *Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) (different legal context under 28 U.S.C. § 1915(g) but same conclusion); *United States v. Camara*, No. 21-1759, 2022 WL 71820 (3d Cir. Jan. 7, 2022) (citing approvingly to *Garrett*, 17 F.4th 419); *United States v. Ramm*, 859 F. App'x 837 (9th Cir. 2021) (mem. disposition) (upholding district court's denial of compassionate release based, in part, on availability of COVID-19 vaccine). In other words, there is no extraordinary and compelling reason justifying immediate release because Orrantia has been vaccinated against SARS-CoV-2 and evidence shows that her conditions are otherwise being appropriately managed while incarcerated.

## III.  CONCLUSION

The Court sympathizes with Orrantia's medical conditions and the additional stress that the pandemic heaps on those who have underlying conditions, but the record does not support granting immediate release. Accordingly, **IT IS ORDERED** that Defendant Veronica Yvette Orrantia's "Motion for Compassionate Release" (ECF No. 89) is **DENIED**.

So ORDERED and SIGNED this 8th day of March 2022.

**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**